# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **FRED SHESTOPAL**, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 14 C 10283 ) |
| **DHL EXPRESS (USA), INC.**, a Delaware corporation, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

This Court has just received the Answer and Affirmative Defenses ("ADs") filed by DHL Express (USA), Inc. ("DHL") to the putative Class Action Complaint brought against it by Fred Shestopal ("Shestopal"). Because that responsive pleading raises a serious question whether Shestopal's lawyer can have filed this action in the subjective and objective good faith demanded by Fed. R. Civ. P. ("Rule") 11(b), this memorandum order is issued sua sponte to set a status hearing at a much earlier date than the previously scheduled March 16, 2015 date.

Until this Court received and reviewed DHL's responsive pleading, it had simply issued its customary initial scheduling order without giving careful scrutiny to the text message quoted in Complaint ¶ 5 and relied on by Shestopal and his lawyer as the predicate for an asserted violation of the Telephone Consumer Protection Act ("Act"). But its current review of that text message, which is based on a specifically designated shipment by DHL that was scheduled for delivery to Shestopal, immediately raised a red flag as to how that message could not have been

a direct offshoot of Shestopal's prior consent, so as to negate liability under the Act. And that suspicion was more than fortified by the detailed account in DHL's first three ADs.

Accordingly this action is set for an earlier status hearing at 8:45 a.m. February 25, 2015. At that time Shestopal's counsel is ordered to be prepared to explain and to justify his filing of the Complaint, with its proposed expansion to the widespread class defined in Paragraph 1 of Shestopal's Motion for Class Certification that was filed contemporaneously with the purported Class Action Complaint.[1]

                                                                         _____
                                                                    Milton I. Shadur
                                                                    Senior United States District Judge

Date: February 19, 2015

---

[1] Although this should not be mistaken as a predetermination of the Rule 11(b) question -- on that score Shestopal's counsel will be given a full opportunity to respond on that subject at the February 25 status hearing -- counsel is advised that if this Court then determines that Rule 11(b) has indeed been violated, it will consider the imposition of sanctions under Rule 11(c)(1) and 11(c)(3).